# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Mag. No. 06-31 C |
| ) | |
| RYAN BUTTERWORTH ) | |
|     Defendant ) | |

## ORDER OF DETENTION

     The defendant has been charged in a complaint with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and he faces imprisonment of not more than 20 years if convicted.  (If the weight of the cocaine at issue is ultimately determined to be 5 grams or more, the defendant, who has a prior conviction for a felony drug offense, faces a term of imprisonment of not less than 10 years and not more than life).

     In accordance with the Bail Reform Act, 18 U.S.C., Section 3142(f), a detention hearing was held July 11, 2006.  Prior to the hearing the defendant executed a waiver of his right to a preliminary examination and conceded the issue of probable cause.  Because probable cause has been found that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. Section 801 *et seq*., the statutory presumption arises that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. 18 U.S.C. §3142(e).   In establishing the statutory presumption, Congress specifically had in mind defendants alleged to be involved in drug trafficking:  "The Committee also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the `safety of any other person or the community."   S. Rep. No. 225, 98th Cong., 1st Sess. 13 (1983).  <u>United States v. Jessup</u>, 757 F.2d 378 (1st Cir. 1985), teaches that the

presumption not only imposes a burden on the defendant to come forward with evidence to rebut this danger, but also requires the Court in assessing any such evidence to pay heed to the congressional concern.

The defendant is 26 years old, who has resided in Maine since 1999.  Other than living at the apartment of Ms. Michelle Bubier on North Street in Portland for almost a year in 2000 and again for several months in early 2006, the record is devoid of where and with whom he resided prior to May, 2006 when he moved into the apartment at 5A River Street, Westbrook, which was where evidence of drug dealing was seized.   Among other things, that evidence included a counterfeit Dr. Pepper can with a false top in which were 12 glassine baggies, each containing a white rock like substance that field tested for the presence of cocaine; a digital scale; and approximately 25 additional baggies with the corners removed.  (The Government alleges that drug traffickers use the corners of glassine bagginess to package the drugs for distribution). Moreover, the record is sketchy regarding the defendant's recent employment history.   Defendant informed the Pretrial Services Officer that beginning in October, 2005, he had been employed as a bouncer at Havana's in Portland, but when the establishment closed he began to work for Mr. Dave Lopez distributing flyers earning a minimum of $1,000 a week.  The Pretrial Services Officer could not locate Mr. Lopez to verify that employment.

The defendant's prior criminal record is significant and includes a conviction in 1999 for trafficking in drugs and a conviction in 2006 for carrying a concealed weapon.  At the hearing the Government also presented evidence - information provided to investigating officers by three cooperating informants, as well as a phone message from an anonymous caller - that the defendant was involved in an armed home invasion in Buxton on April 27, 2006, during which shots were fired and that one of the informants subsequently drove the defendant to Rhode Island "until things blew over."

Defendant has proposed that he be released to the third-party custody of Ms. Bubier, who

testified that she is like a second mother to him and that she is willing to accept the responsibilities of custodianship.  I have no reason to doubt Ms. Bubier's good intentions or question her sincerity.  However, given the nature and seriousness of these charges, and especially considering the defendant's prior conviction for drug trafficking and the evidence of his involvement in the recent home invasion, I am satisfied that he has not rebutted the statutory presumption and that there are no conditions of release which would reasonably assure his future court appearances or the safety of the community.

     The defendant is committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extend possible, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

.

                                              /s/ William S. Brownell
                                              U.S. Magistrate Judge

Dated this 12th day of July, 2006.